IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES DAWSON ANDERSON**　　　　　　　　　　　**PLAINTIFF**
**ADC #131684**

v.　　　　　　　　No. 4:22-cv-587-DPM

**CLAYTON DILLION, K-9 Unit**
**Officer, Hazen Police Department;**
**TEDDY WALKER, Officer, Hazen**
**Police Department; and BRADLEY**
**TAYLOR, Chief Police Officer,**
**Hazen Police Department**　　　　　　　　　　　**DEFENDANTS**

ORDER

1.　Motion to proceed *in forma pauperis*, Doc. 3, granted. The Court assesses an initial partial filing fee of $36.00. Anderson's custodian must collect monthly payments from Anderson's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Anderson's behalf must be clearly identified by case name and case number.

2.　The Court directs the Clerk to send a copy of this order to three addresses:

- the ADC Compliance Office, P.O. Box 20550, Pine Bluff, AR 71612;

- the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, AR 71611; and

- the Warden of the Tucker Unit, P.O. Box 240, Tucker, AR 72168-0240.

3. The Court must screen Anderson's § 1983 complaint. *Doc. 1*; 28 U.S.C. § 1915(e). He is awaiting trial for kidnapping, rape, domestic battery, aggravated assault, and felony fleeing in Prairie County, Arkansas. He says he was subjected to excessive force, falsely imprisoned, and falsely arrested.

The Court must abstain from proceeding with Anderson's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Anderson may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). Further, Anderson hasn't alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). His claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\*   \*   \*

The Court directs the Clerk to stay and administratively terminate this case. Anderson can move to reopen this case after final disposition of his state cases, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Anderson doesn't file a timely motion to reopen or a status report by 28 October 2023, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

27 October 2022